UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) Civil Action Case No. 4:13-cv-12161-MAG-MKM |
| | ) |
| v. | ) |
| | ) |
| STEWART LEVINE, | ) |
| | ) |
| Defendant. | ) |

**ANSWER**

NOW COMES, Defendant, Stewart Levine, by and through his attorney, Brian H. Jean, and for his answer respectfully states as follows:

1. Neither admit nor deny.

2. Deny in that Defendant is not a persistent online infringer of Plaintiff's copyrights.

3. Neither admit nor deny, leaving Plaintiff to its proofs.

4. Admit.

5. Neither admit nor deny.

6. Admit.

7. Admit.

8. Admit

9. Admit

10. Admit

1

11. Admit

12. Deny in that a user of a BitTorrent is an infringer. Otherwise Admit

13. Defendant does not have enough information to sufficiently form a belief.

14. Defendant does not have enough information to sufficiently form a belief.

15. Neither admit nor deny.

16. Defendant lacks knowledge sufficient to form a belief about the truth of this allegation.

17. Defendant lacks knowledge sufficient to form a belief about the truth of this allegation. However, Defendant contends that if true, this does not give rise to a cause of action against defendant for the reason that Plaintiff has not shown, and cannot show that one bit of information is a violation of the DCMA.

18. Neither admit nor Deny.

19. Admit.

20. Neither admit nor deny as Defendant does not have sufficient information to form a belief

21. Defendant lacks knowledge to form a belief as to this count

22. Deny. Plaintiff's inclusion of this material serves no other purpose than to intimidate and harass Defendant in furtherance of settlement out of shame in violation of FRCP 11(b)(1). As such, Defendant requests sanctions against the Plaintiff.

23. Deny, and contest that such allegations even if true would not be a basis for a claim upon which relief may be granted.

24. Deny, Plaintiff has made no effort to determine who any infringer is.

25. Deny. Plaintiff has not sought to find out who the actual alleged infringer was by contacting the Defendant prior to filing a lawsuit. Further, Plaintiff has failed to show that the information that it has alleged obtained from Defendant violates the copyrighted work by copying a substantial form that would harm its market share.

26. Admit

27. Neither admit nor deny

28. Neither admit nor deny, leaving Plaintiff to its proofs

29. Deny, even if true, the bits uploaded by Defendant do not constitute elements of the original works that would be classified as such copyrighted material.

30. Neither admit nor deny.

31. Defendant takes a general denial of this allegation and it's subsections

32. Deny, even if true, Defendant would have had no knowledge of the material being uploaded from his IP address.

**DEFENSE**

FAIR USE

33. Defendant re-incorporates paragraphs 1-32 as though fully set forth here

34. Any alleged violation that Defendant may have made was a fair use under Section 107 of the Copyright act, to-wit:

   a. The amount and substantiality of the portion used was too small for the copyrighted worked to be distinguished as the alleged copyrighted work.

   b. There is no potential market share harm to plaintiff for any alleged upload by Defendant

MISTAKE

35. Defendant, if the allegations were true, had no knowledge of the Plaintiffs copyrighted works being uploaded from his IP address.

WHEREFORE, Defendant respectfully requests this Honorable Court to Dismiss the complaint, assess sanctions for violating Rule 11(b)(1) and grant other such relief that is deemed reasonable.

Respectfully Submitted,

Dated: September 20, 2013  By:/s/ *Brian H. Jean*
Brian H. Jean (P73504)
822 Washington Ave
Bay City, MI 48708
Tel: (989) 894-1110
Fax: (989) 402-1606
Email: brianhjean@gmail.com
Attorney for Defendant

### CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *Brian H. Jean*