UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) Civil Case No. 4:13-cv-12161-MAG-MKM |
| v. | ) |
| STEWART LEVINE, | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION FOR ENTRY OF AN ORDER REQUIRING DEFENDANT TO SHOW CAUSE WHY FINAL JUDGMENT SHOULD NOT BE ENTERED AGAINST HIM**

Plaintiff, Malibu Media, LLC ("Plaintiff") by and through undersigned counsel and pursuant to Fed. R. Civ. P. 7 and this Court's Minute Entry on June 13, 2014 hereby moves for entry of an order requiring Defendant to show cause why this Court should not enter a final judgment against him in the amount of seven thousand dollars ($7,000.00) plus reasonable attorney's fees and costs pursuant to the fully executed settlement agreement between the parties, and in support thereof states:

1. "It is well established that courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them . . . The court must enforce the settlement as agreed to by the parties and is not permitted to alter the terms of the agreement." *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988) (citations omitted). "The power of a trial court to enter a judgment enforcing a settlement agreement has its basis in the policy favoring the settlement of disputes and the avoidance of costly and time-consuming litigation." *Kukla v. National Distillers Products Co.,* 483 F.2d 619, 621 (6th Cir.1973) (holding that enforcement of settlement agreement is only proper where, as here, there is no factual dispute as to the terms of the settlement). *See also Massachusetts Cas. Ins. Co. v. Forman*, 469 F.2d 259,

1

260 (5th Cir. 1972) ("A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it.")

2. The Court's ability to enter a "final judgment incorporating the terms of a pretrial settlement agreement . . . 'is in the nature of a judgment by consent,' . . . authorized under what has been consistently recognized as the trial court's 'inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case." *Kukla supra.,* 483 F.2d at 621 (citations omitted).

3. This case was originally filed on May 15, 2013 against the internet subscriber assigned IP address 68.40.193.94 alleging direct copyright infringement of thirty-six (36) of Plaintiff's copyrighted works between December 7, 2012 and April 13, 2013.

4. On August 9, 2013, Plaintiff filed its Amended Complaint naming Defendant Stewart Levine.

5. On or about April 17, 2014, Defendant signed a settlement agreement agreeing to pay Plaintiff seven thousand dollars ($7,000.00) in full settlement of all claims. The money was due on or before April 30, 2014. The terms of the settlement agreement are clear and unambiguous.

6. The agreement also provides that "[s]hould it become necessary for [Plaintiff] to institute a legal action to collect any portion of the Settlement Money . . . [Plaintiff] shall be entitled to recover . . . [it's] reasonable attorney's fees and costs associated with any such collection effort."

7. On April 18, 2014, Plaintiff filed a Notice of Settlement With Defendant notifying the Court that the matter was settled and that Plaintiff would dismiss Defendant with prejudice upon full satisfaction of his obligations under the agreement.

8. To date, Defendant has not fulfilled his obligations under the settlement agreement. Defendant breached the agreement by failing to pay Plaintiff anything pursuant to the terms of the agreement. Accordingly, Defendant has not been dismissed from this lawsuit and the Court retains jurisdiction over the parties to enforce the agreement.

WHEREFORE, Plaintiff respectfully requests this Court:

(A) Enter an order requiring Defendant to show cause why the Court should not enter a judgment against Defendant for seven thousand dollars ($7,000.00) in damages plus two hundred forty-seven dollars and fifty cents ($247.50)[1] in Plaintiff's reasonable attorney's fees and costs associated with bringing the instant motion; and

(B) Retain jurisdiction over this matter for the purpose of enforcing the settlement agreement and conducting any further supplemental proceedings as necessary.

DATED: June 26, 2014

Respectfully submitted,

NICOLETTI LAW, PLC

By:  /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P-44419)
33717 Woodward Ave, #433
Birmingham, MI 48009
Tel: (248) 203-7800
E-Fax: (248) 928-7051
Email: pauljnicoletti@gmail.com
*Attorneys for Plaintiff*

---

[1] Undersigned has practiced as an attorney for over twenty-three (23) years. Undersigned's standard hourly rate in engagements where undersigned is employed on an hourly basis is three hundred dollars ($300.00) per hour. Associates that were used in connection with the instant matter have less than five (5) years of experience and bill at a rate of $225.00 per hour. Undersigned is solely responsible for the finished product of all work performed in this matter, including the content of any papers filed by undersigned. If the client was billed on an hourly basis in this matter, the client would have been billed for 1.1 hours at a rate of $225.00 per hour for drafting and researching the instant motion.

3

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 26, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

                                            By:    /s/ *Paul J. Nicoletti*